UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>)<br>) Case No. 1:17CV00142 ACL |
| ALYCE PENNINGTON, alleged dependent of Richard Trapp, deceased, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendant Alyce Pennington's Rule 12(b) Motion to Dismiss. (Doc. 7.) Plaintiff opposes the Motion, and this issue is fully briefed.

**I.   Background**

Plaintiff New Hampshire Insurance Company ("New Hampshire") filed this action for declaratory judgment in the Circuit Court of Cape Girardeau County, Missouri. Defendant Pennington removed the cause to this court pursuant to the Court's diversity jurisdiction. Plaintiff New Hampshire is an insurance company with its principal place of business in New York, New York. Defendant Pennington is a citizen and resident of the State of Arizona, and is the surviving widow and dependent of Richard Trapp, deceased.

New Hampshire seeks to obtain a judicial declaration regarding its rights and obligations as to Defendant Pennington under a workers' compensation insurance policy ("Policy") issued by New Hampshire on May 18, 2014, to Noranda Aluminum Holding Corporation ("Noranda"). The Policy had an effective date of May 18, 2014 to May 18, 2015. Noranda, a non-party at this

1

time, owned and operated an aluminum smelter in Marston, Missouri during all times relevant to this action.

On January 8, 2016, Mr. Trapp filed a claim with the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation (Doc. 14-1, hereinafter referred to as the Division), in which he alleged exposure to asbestos during his employment at Noranda, which caused him to develop mesothelioma. (Doc. 14-1 at 5.) He indicated that the "date of accident or occupational disease" was May 12, 2015. *Id.* Mr. Trapp alleged that his last potential exposure to asbestos at Noranda's aluminum smelter in Marston occurred sometime in 1973. On January 14, 2016, Mr. Trapp passed away. Thereafter, Defendant Alyce Pennington became the claimant in the workers' compensation action.

Defendant Pennington has asserted that the Policy provides workers' compensation insurance coverage for her claim arising from the illness and death of Mr. Trapp. New Hampshire argues that the Policy does not provide coverage because Trapp's last alleged exposure to asbestos on the insured premises operated by Noranda did not occur within the policy period, as required by the Policy. New Hampshire seeks a judicial declaration by this Court that it has no legal obligation to provide workers' compensation benefits to Alyce Pennington arising from the alleged injury, illness, or death of Richard Trapp.

Defendant moved to dismiss the Complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to join a party pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(7), and 19. Plaintiff opposes Defendant's Motion to Dismiss and has filed a Motion for Leave to File a First Amended Complaint for the purpose of adding Noranda as a party defendant.

**Discussion**

I.  **Personal Jurisdiction**

Defendant Pennington first argues that this Court has neither general nor specific jurisdiction over her.

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists ...." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (citations omitted). "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Fastpath*, 760 F.3d at 820 (citations omitted). The court must view the evidence "in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *Id.*

In order to subject a defendant to a court's personal jurisdiction, due process requires that the defendant have certain minimum contacts with the state, such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). There are two types of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014).

General jurisdiction is applicable where the plaintiff's cause of action does not arise out of and is not related to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984). A court may exercise general jurisdiction only where the nonresident defendant's contacts with the forum state are "continuous and

systematic." *Id.* This standard requires the plaintiff to show more than the minimum contacts required by due process to assert specific jurisdiction. *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1090 (E.D. Mo. 2001). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). There is no evidence or even an allegation that Defendant Pennington is domiciled in Missouri or otherwise subject to general jurisdiction.

Specific, or "conduct-linked," jurisdiction involves suits "arising out of or related to the defendant's contacts with the forum." *Daimler*, 134 S.Ct. at 751; *Helicopteros*, 466 U.S. at 414 n.8. In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, the Supreme Court stated that in order for a court to exercise specific jurisdiction, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler*, 134 S. Ct. at 754 (internal quotation marks omitted)). In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (alterations in original)). Thus, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.*

"Personal jurisdiction in a diversity case exists only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *K-V Pharm.*, 648 F.3d at 592 (citations omitted). Missouri's long arm statute provides that a defendant who does any of the following enumerated acts submits itself to the jurisdiction of Missouri courts as to any cause of action arising from those acts:

> (1) The transaction of any business within this state; (2) The making of any contract within this state; (3) The commission of a tortious act within this state;

4

(4) The ownership, use, or possession of any real estate situated in this state; (5) The contracting to insure any person, property or risk located within this state at the time of contracting; (6) Engaging in an act of sexual intercourse within this state with the mother of a child on or near the probable period of conception of that child.

Mo. Rev. Stat. § 506.500.

"[B]ecause the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause," the Court will consider "whether the assertion of personal jurisdiction would violate due process." *Aly v. Hanzada for Imp. & Exp. Co., LTD*, 864 F.3d 844, 849 (8th Cir. 2017) (citations omitted).

Due process requires that there be "sufficient minimum contacts between a defendant and the forum state so that jurisdiction over a defendant with such contacts may not offend 'traditional notions of fair play and substantial justice." *Id.* (citations omitted). Specifically, courts consider five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id.* Courts give "significant weight to the first three factors." *Fastpath, Inc.*, 760 F.3d at 821.

Defendant argues that this Court does not have specific jurisdiction over her because her only connection to the State of Missouri is through a workers' compensation claim filed on behalf of her deceased husband. She claims that the present suit does not arise out of or relate to the workers' compensation claim. Instead, Defendant argues that the instant declaratory judgment action arises out of and relates to the interpretation of a contract between Plaintiff and Noranda. Defendant further contends that subjecting her to the jurisdiction of this Court would violate the Due Process Clause.

Plaintiff responds that the five factors articulated by the Eighth Circuit to determine whether personal jurisdiction comports with Due Process all weigh in favor of Plaintiff. Plaintiff argues that Mr. Trapp, whom Defendant is representing in the workers' compensation case, maintained significant contacts in Missouri. Plaintiff further argues that the Court may exercise specific personal jurisdiction based solely on Defendant Pennington's contacts with Missouri, in that she voluntarily maintained Mr. Trapp's workers' compensation action and claimed that Plaintiff must provide coverage for the alleged loss. Plaintiff contends that Defendant's actions are akin to transacting business in Missouri, which is sufficient to satisfy the Missouri long-arm statute.

In her Reply, Defendant argues that Plaintiff fails to make a case for personal jurisdiction because Defendant was not a party to the insurance contract, and the workers' compensation claim is an insufficient basis for jurisdiction on the question of whether Plaintiff's policy covers an injury event.

Based on its review of the evidence submitted by the parties, the Court concludes that Defendant Pennington has sufficient contacts with Missouri to comport with the requirements of Due Process. In consideration of the nature and quality of the contacts with Missouri and the relationship of the cause of action to the contacts, the first three factors of the Eighth Circuit's five-factor test weigh heavily in favor of Plaintiff. Although Defendant was not a party to the insurance contract at issue in the instant action, it is only because of Defendant's pursuit of a workers' compensation claim in Missouri that it is necessary to interpret that contract. In that action, Defendant claims that the Policy provides coverage. Plaintiff's action for declaratory judgment, therefore, relates to Defendants contacts with Missouri. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-74 (1985) ("…where individuals 'purposefully derive benefit'

6

from their interstate activities,…it may well be unfair to allow them to escape having to account in other states for consequences that arise proximately from such activities."). Defendant chose to maintain an action in Missouri on behalf of her deceased husband based on an alleged work injury that occurred in Missouri. In doing so, Defendant purposefully availed herself of the benefits and protections of Missouri law. Defendant should not, therefore, be surprised to be haled into this Court.

The undersigned concludes that Plaintiff has established that the Court has personal jurisdiction over Defendant in this action. The final two factors in the specific jurisdiction analysis do not affect the result. *See Porter v. Berall*, 293 F.3d 1073, 1077 (8th Cir. 2002) ("The final two factors do not help the plaintiffs, since none of the parties are [forum] residents"). Although Plaintiff argues that Missouri has an interest in disputes over its residents' insurance policies, the named insured here—Noranda—is not a party to the action at this time. Plaintiff properly points out that Missouri is the locus of the alleged injury for which Defendant claims Plaintiff must provide coverage under the Policy. As to the parties' convenience, the related workers' compensation claim is currently being litigated in Missouri. Thus, this factor weighs slightly in favor of Plaintiff.

The Court's exercise of personal jurisdiction over Defendant Pennington is also proper under the Missouri long-arm statute. Defendant "transacts business" in Missouri, in that she continues to voluntarily pursue the related workers' compensation claim in Missouri and claim that Plaintiff must provide coverage under the Policy. Mo. Rev. Stat. § 506.500.1. *See Dairy Farmers of America, Inc. v. Bassett & Walker In'l, Inc.*, 702 F.3d 472, 476 (8th Cir. 2012) (citing *State ex rel. Metal Serv. Ctr. of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984).

Accordingly, Defendant's Motion to Dismiss based on lack of personal jurisdiction is denied.

## II. Subject Matter Jurisdiction

Defendant next argues that this Court lacks subject-matter jurisdiction over this declaratory judgment action. Defendant, relying on *Cincinnati Cas. Co. v. GFS Balloons*, 168 S.W.3d 523, 525-26 (Mo. Ct. App. 2005), and *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp.2d 862, 870 (W.D. Mo. 2012), contends that the Division has exclusive jurisdiction over the issue of whether an insurance policy covers a work-related injury.

Plaintiff responds that the cases upon which Defendant relies are factually distinguishable. Plaintiff argues that this Court has subject matter jurisdiction to hear this declaratory judgment action because it does not fall within the exclusive jurisdiction of the Division.

Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint. When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990). The party invoking the jurisdiction of the federal court has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A federal district court has subject matter jurisdiction based on diversity when the requirements set forth in 28 U.S.C. § 1332 have been met. Specifically, the amount in controversy must exceed $75,000.00, and the parties must be of diverse citizenship. *See* 28 U.S.C. § 1332(a)(1). In its Notice of Removal, Defendant asserts that these requirements have

been met in this case, noting that Plaintiff is a citizen of New York, whereas Defendant is a citizen of Missouri. (Doc. 1.) Defendant asserts that the action "concerns an underlying workers' compensation claim that is worth in excess of $75,000.00, satisfying the amount-in-controversy requirement of 28 U.S.C. § 1332(a)." *Id.* at 2. Plaintiff has not disputed these assertions, nor has Plaintiff introduced any contrary evidence. The Court is satisfied that it has diversity-based subject matter jurisdiction over this case.

The parties dispute whether Plaintiff's claims against Defendant are barred by the exclusivity provision of the Missouri Workers' Compensation Act. The exclusivity provision provides: "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter." Mo.Rev.Stat. § 287.120(2). Missouri courts have held that this exclusivity provision is a complete bar to common law tort actions that arise out of work-related incidents, and that fall within the provisions of the Missouri Workers' Compensation Act. *See, e.g., Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. 1991) (en banc); *see also Giandinoto v. Chemir Analytical Servs., Inc.,* 545 F. Supp.2d 952, 960 (E.D. Mo. 2007).

Defendant relies on *Cincinnati Cas. Co.* and *Jameson* for the proposition that this Court lacks jurisdiction over the instant declaratory judgment action because an adequate remedy already exists at law. Those cases also involved the petition of an insurance company seeking a declaratory judgment that workers' compensation coverage did not apply. In both cases, the plaintiff insurance company requested that the court declare the terms of the contract breached. The court in *Cincinnati* held, "A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms

9

breached is nothing more than a petition claiming breach of contract." 168 S.W.3d at 525. Noting that whether to entertain the action rested in the discretion of the judge, the court dismissed the action for lack of subject matter jurisdiction. *Id.* Similarly, in *Jameson*, citing *Cincinnati*, the Court found there was an adequate remedy at law for the plaintiff—"a suit for damages for breach of contract and vexatious refusal to pay." 871 F. Supp.2d at 869.

In this case, Plaintiff is not alleging breach of contract. Rather, Plaintiff argues that the alleged injury is not covered under the terms of the Policy because it did not occur within the Policy period.

Although this Court has subject matter jurisdiction of this matter, the inquiry is not complete. Typically, "a federal district court must exercise its jurisdiction over a claim" absent "exceptional circumstances." *Lexington Ins. Co. v. Integrity Land Title Co.,* 721 F.3d 958, 967 (8th Cir. 2013) (citation omitted). When a lawsuit is filed pursuant to the Declaratory Judgment Act, however, a federal court's obligation to exercise jurisdiction yields "to practical considerations and substantial discretion." *Id.* When "a parallel" state court action is pending, the court's discretion is to be guided by considerations of judicial economy, "'practicality and wise judicial administration,'" and avoiding "'gratuitous interference' with state proceedings." *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942) & *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995)); *see also Capitol Indem. Corp. v. Haverfield,* 218 F.3d 872, 874 (8th Cir. 2000).

"Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" *Scottsdale Ins. Co. v. Detco Indust., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers,* 946 F.2d 1072, 1073 (4th Cir. 1991)). The Supreme Court has described such suits as presenting "the same

issues, not governed by federal law, between the same parties." *Brillhart,* 316 U.S. at 495. These descriptions are necessarily imprecise given the wide array of issues—and varying articulations of similar issues—that may arise in arguably related litigation. As a functional matter, though, state proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and "satisfactorily" resolve the dispute or uncertainty at the heart of the federal declaratory judgment action. *Id.* at 495 (describing the inquiry as "whether the questions in controversy ... can better be settled in the proceeding pending in state court"). We may therefore consider the likelihood that a state court will resolve the issues later presented in federal court, and we may also consider the likely completeness of any such state-court resolution when assessing whether the earlier-filed actions involve "substantially the same issues." *Scottsdale,* 426 F.3d at 997 (citation and internal quotation marks omitted).

In this case, the parties in the instant action are also involved in the workers' compensation action currently pending before the Division. The parties dispute whether Plaintiff has an adequate remedy in the state action. Plaintiff notes that it filed a motion to dismiss in the underlying workers' compensation case, making the exact same arguments that are made herein. Plaintiff contends that the presiding Administrative Law Judge, Lawrence C. Kasten, declined to hear the motion, stating that he "'does not have motion practice' in the workers' compensation division." (Doc. 14 at 11-12.) Plaintiff has submitted the Affidavit of David M. Remley, counsel for Plaintiff in the underlying workers' compensation action, in support. (Doc. 14-1.)

Defendant disputes Plaintiff's characterization of Judge Kasten's comments regarding the motion to dismiss. She indicates that Judge Kasten did not refuse to hear the motion but instead declined to rule on the motion during an informal teleconference held between the parties on

11

August 24, 2016. (Doc. 16 at 5.) Defendant states that Judge Kasten represented that he would consider the motion at a formal hearing, or alternatively, Plaintiff could raise the issue at the final trial hearing. *Id.* Defendant has submitted the Affidavit of Sophie Zavaglia, counsel to Defendant in the workers' compensation action, in support of these statements. (Doc. 16-2.) Defendant further argues that, since that time, Plaintiff has made no attempt to set a formal hearing to determine policy coverage, nor did it attempt to set a final trial to determine the merits of its argument. (Doc. 16 at 5.)

In *Cincinnati Indemnity Co. v. A & K Construction Co.,* 542 F.3d 623, 624 (8th Cir. 2008), the Eighth Circuit held that a district court erred by finding that it lacked jurisdiction to address a workers' compensation claim where diversity jurisdiction existed. The Court further held, however, that in light of a pending state administrative action before the Division and a pending declaratory judgment action in state court, the district court should have abstained to allow "the state proceedings ... to resolve the issue ... which [would] result in uniform decisions within the state's statutory scheme." *Id.* at 625. The Court reasoned that "the parties and the issues [were] identical," state law governed, and the state proceeding was "adequate to resolve the issues." *Id.*

The Court finds the reasoning of *A & K Construction Co.* persuasive in this case. The parties in this action have raised the same issue—whether the Policy provides coverage for Mr. Trapp's alleged injury—in a motion to dismiss that is currently pending before the state administrative court. The Court rejects Plaintiff's unsupported assertion that the workers' compensation system cannot interpret the Policy. In fact, Defendant has submitted a recent decision of the Division, in which the Division interpreted an insurance policy on the same grounds that Plaintiff asserts in this case. (Doc. 16-1.) Further, a review of the parties Affidavits

12

reveals that Judge Kasten did not find that he would not determine the issue of insurance coverage, but simply indicated that he would take up the issue at a later date. Defendant represents that Plaintiff has not taken the appropriate steps to request a determination on the issue.

"[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton,* 515 U.S. at 288. The principle of "wise judicial administration" weighs in favor of declining to exercise discretionary jurisdiction over this action. Because this action and the workers' compensation action are parallel, allowing both actions to proceed runs the risk of inconsistent rulings and would be uneconomical and a waste of judicial resources. Further, the interpretation and application of the Policy is purely a matter of state law and there are no federal defenses or claims. The Court finds that all of the issues pending among the parties can be satisfactorily adjudicated in the workers' compensation action, and that abstention is therefore warranted.

The Court further concludes that this case should be stayed rather than dismissed. "[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton,* 515 U.S. at 288 n. 2.

**III.    Conclusion**

For the foregoing reasons, the Court concludes in the exercise of its discretion that the issues raised by this action would be better addressed in the underlying workers' compensation action pending in state court. As a result, the Court will grant Defendant's Motion to Dismiss to

the extent it will stay this action in favor of the state action. All other pending motions will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **granted**, to the extent the Court will abstain from this case, and the matter is hereby **stayed**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case, which may be reopened on the motion of any party. Any motion to reopen shall include a statement of all relevant proceedings that have occurred in the workers' compensation action in the Missouri Department of Labor and Industrial Relations, Division of Workers' Compensation.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2018.